GAUDIN, Judge.
Wilfred Jones, also known as Norris Mo-ten, was convicted of two counts of armed robbery by a 12-person jury in the 24th Judicial District Court. As a multiple offender, he was sentenced pursuant to LSA-R.S. 15:529.1 to 198 years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, Jones alleges two assignments of error:
(1) the trial judge erred in admitting evidence of another crime, and
(2) the sentence, while statutorily permitted, was nonetheless excessive and grossly out of proportion to the severity of the crime.
*591 For the following reasons, we affirm Jones’ conviction and sentence as a multiple offender.
On the morning of January 24, 1987, Jones, assisted by an accomplice who drove a get-away black Dodge convertible, robbed a pedestrian who was walking along Codifer Boulevard in Metairie, Louisiana, then shortly after robbed a man standing in his front yard. Both times Jones seriously threatened the victim with a pistol before taking his wallet.
Both victims immediately reported the robberies. A description of the armed perpetrator and his automobile was broadcast over the police radio. A police vehicle spotted the convertible and gave chase. Jones and his accomplice fled at high speed but both were caught. Jones was identified soon after he was captured.
ASSIGNMENT NO. 1
At trial, one of the witnesses was Barry Hudson, Jones’ driver. Hudson had entered into a plea bargain arrangement whereby he received a reduced sentence in exchange for his testimony.
Hudson said that before the robberies Jones had picked him up in the convertible and asked him (Hudson) to drive. The two armed robberies were committed with Hudson at the wheel and Jones threatening the two victims and taking their valuables.
After testifying at length about the robberies, Hudson was questioned by the prosecutor as follows:
“Q. When you got in that car that morning, did you notice anything unusual about that car?
A. That it was popped, the steering wheel kind of.
Q. What was popped?
A. The steering wheel column.
Q. Did that indicate anything to you?
A. That the car was stolen.”
Jones’ counsel promptly objected and, outside the jury’s presence, moved for a mistrial in accord with section (2) of LSA-C.Cr.P. art. 770, which reads:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
(Sections (1), (3) and (4) omitted.)
The motion was denied by the trial judge. Although the remark was not made by the trial judge, the prosecuting attorney or a court official, in which case a mistrial would have been necessitated, appellant contends that the impermissible reference to a stolen car was deliberately elicited by the prosecutor and the effect was the same as if the judge, assistant district attorney or court official had made it. The objectionable testimony, according to Jones’ brief, slammed his character.
Whether a witness’s remark warrants a mistrial is within the sound discretion of the trial judge, even if the elicitation is probably deliberate and even if made by a police officer. See State v. Douglas, 389 So.2d 1263 (La.1980), wherein a testifying policeman said that the defendant had recently been released from Angola, an unmistakable reference to at least one other crime. The Supreme Court of Louisiana nonetheless stated that the granting of a mistrial is the trial judge’s decision and that the “... case does not reveal a manifest abuse of discretion warranting the substitution of our judgment for that of the trial judge who conducted the trial, heard the remark, and was in the best position to assess its impact.”
Hudson’s remark in the instant case was evaluated by the trial judge, who likely felt the jury was either not influenced at all or *592 influenced very little. Of more significance was the fact that Jones was positively identified by the two robbery victims and also by the two police officers who chased and apprehended him. Also, there was Hudson’s testimony, giving a full and detailed account of the crimes and Jones’ active participation in them.
After Hudson’s statement about the steering wheel, Jones’ counsel did not ask the trial judge to admonish the jury, a procedural right defendants in criminal prosecutions have as per LSA-C.Cr.P. art. 771, which states:
“In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.”
Our examination of this record does not indicate any meaningful prejudice because of the “popped” steering wheel column. Jones was convicted on other and overwhelming evidence.
ASSIGNMENT NO. 2
In this assignment of error, appellant cites State v. Bonanno, 384 So.2d 355 (La.1980), and State v. Guiden, 399 So.2d 194 (La.1981) and argues that the 198-year sentence does nothing more than purposelessly and needlessly impose pain and suffering.
At the sentencing hearing, the trial judge said:
"... I must consider the nature of the crime, the circumstances surrounding the crime, possibility that there will be other crimes committed if the defendant is not incarcerated. Must also consider the possibility, that probation, that a time of proving oneself would be warranted. I must also consider certain mitigating circumstances. The mitigating circumstances early on I suppose would’ve been that Mr. Moten also known as Mr. Jones or vice versa pled guilty and in effect said I acknowledge wrongdoing and I am in a position to where I can hopefully do better. Unfortunate thing is Mr. Moten has not done better and he’s placed himself for whatever reason on a collision course with his own destiny. And the Court can find neither in the guidelines nor in any other statutes or ordinance, any way to truthfully mitigate the situation he now finds himself in. Court feels the following sentence is a just sentence under the guidelines and all things considered. The Court understanding that there’s a sentence being currently served or asked to be served or levied in Orleans Parish, the Court is going to run this sentence I’m about to impose concurrent with that sentence in Orleans Parish.”
As a multiple felony offender being sentenced for two armed robberies, Jones could have been sentenced to 297 years, which includes an enhanced 198-year sentence for the first armed robbery and 99 additional years for the second armed robbery. Jones was 20 years of age when sentenced and his attorney asked the trial judge to consider a lenient sentence because of this.
The trial judge, however, chose instead to point out Jones’ criminal activities. A reviewing court’s function is not to substitute its judgment for that of the sentencing judge. Only when the sentence shows a manifest abuse of direction is it to be set aside. Here, Jones committed serious offenses calling for severe statutory punish *593 ment. He robbed two victims at gunpoint, threatening their lives. We are unable to say the imposed sentence was constitutionally excessive.
Jones’ convictions and sentence are affirmed.
AFFIRMED.